RUSH, administrator, *vs.* ROSS, administrator.

1. In a suit on a promissory note, the wife of the maker was not rendered incompetent to testify that she had paid it for her husband, by reason of the death of the payee. Especially will this not be ground for new trial where there was no objection made at the time the witness testified.

2. Both parties announced their evidence closed, and court adjourned until the next morning. When it again met, counsel for plaintiff offered to read certain answers of a female witness, examined by defendant the day previous to interrogatories, taken out for her, the object being to contradict her oral testimony. It did not appear that she was then in court, or that any foundation had been laid for impeaching her.

*Held*, that this court will not interfere with the discretion of the court below in refusing to admit such evidence.

3. Where the general charge covers the law of the case, if special instructions are desired they should be asked for.

4. There was no error in overruling the motion for new trial in this case.

Evidence.   Practice in the Superior Court.   Charge of Court.   New trial.   Before Judge UNDERWOOD.   Floyd Superior Court.   September Term, 1879.

John Rush sued Landers, administrator of Thompson, on three notes and an account, aggregating $706.01. Defendant pleaded tender, payment, and the scaling ordinance of 1865.   Both parties having died, Rush, administrator, was made the party plaintiff, and Ross, administrator *de bonis non*, the defendant.   On the trial, Mrs. Wimpee, who was formerly the wife of Thompson, deceased, testified that she paid one of the notes sued on for her husband, he being absent in the army.· After the evidence on both sides was closed, court adjourned until the next day.   Counsel for plaintiff, when court again met, offered to read certain answers of Mrs. Wimpee to a set of interrogatories previously taken out for her, in order to contradict her evidence from the stand.   This the court refused to allow.

The jury found for plaintiff $51.46 principal, and $67.14 interest.   Plaintiff thereupon moved for a new trial, on the following, among other grounds :

(1).  Because the verdict is contrary to law and the evidence.

(2).  Because Mrs. Wimpee was allowed to testify, Rush, the payee of the note concerning the payment of which she testified, being dead.   [It does not appear that her testimony was objected to at the time when it was given.]

(3).  Because the court refused to allow the interrogatories of Mrs. Wimpee to be read.

(4).  Because the court charged that the ordinance of 1865 (reading the ordinance) was intended to authorize the jury to settle the indebtedness of parties arising upon contracts made at any time from the first day of June, 1861, to the first day of June, 1865, upon principles of equity, and that they might consider the value of Confederate money at any time, without explaining to the jury for what pur-

poses they might consider the value of Confederate money at any time other than that named in the contracts sued upon.

The motion was overruled and plaintiff excepted.

FORSYTH & HOSKINSON, for plaintiff in error.

DABNEY & FOUCHE; J. BRANHAM, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on three promissory notes for the aggregate sum of $706.00 besides interest, made by the defendant's intestate, and on an account against him for $7.43. One of the notes was for $18,08, dated June 8th, 1861, and another for $500.00, dated April 27th, 1862, and the third note was for $80.50, dated October 9th, 1862, all of which were due one day after date. The account was dated in 1861. The defendant pleaded tender, payment, and the scaling ordinance of 1865. On the trial of the case the jury found a verdict in favor of the plaintiff for $51.46 principal, and $67.14 for interest. The plaintiff made a motion for a new trial on the grounds therein stated, which was overruled, and he excepted.

1. There was no error in admitting the evidence of Mrs. Wimpee as to the payment of the $600.00 note for her then husband, W. R. Thompson, on the ground that Rush, the payee thereof, was dead. Mrs. Wimpee was not one of the original parties to the contract or cause of action in issue or on trial, and she was not called to testify in her own favor, and besides it does not appear from the record that her testimony was objected to at the time it was offered.

2. Nor will we interfere with the discretion of the court in refusing to allow an extract from the answers of Mrs. Wimpee to a set of interrogatories to be read the next

morning after the evidence had been closed the previous day, for the purpose of contradicting or impeaching her testimony which she had given in person the day before, it not appearing that she was present, or that any foundation had been laid for its introduction.

3. The court gave in charge to the jury the whole of the ordinance of 1865, relating to the contracts sued on, and there was no error because it did not do more.

4. Under the provisions of that ordinance, the jury had a large discretion in settling the equities between the parties in the case, especially if they believed the $600.00 note had been paid, as they had the right to do under the evidence, and therefore we find no error in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be affirmed.